UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY ORR,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

CASE NO. C16-5859-BAT

**ORDER AFFIRMING THE COMMISSIONER**

Gregory Orr seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ erred by rejecting his testimony, the lay witness testimony, and the Veteran's Administration disability rating. Dkt. 9. The Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Mr. Orr is currently 33 years old, has completed a GED and one year of college, and has worked as a fast food cashier and manager, cement mason helper, bomb disposal specialist, and stock control clerk. Tr. 61, 158, 194. He applied for benefits in July 2015, alleging disability as

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER AFFIRMING THE COMMISSIONER - 1

of April 2014. Tr. 158. After his application was denied initially and on reconsideration, the ALJ conducted a hearing and, on July 21, 2016, issued a decision finding Mr. Orr not disabled. Tr. 19-36. The Appeals Council denied Mr. Orr's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found that Mr. Orr had not engaged in substantial gainful activity since the alleged onset date; he had the following severe impairments: posttraumatic stress disorder (PTSD), depression, headaches, obesity, kidney stones, and left shoulder strain; and these impairments did not meet or equal the requirements of a listed impairment.[3] Tr. 21-22. The ALJ found that Mr. Orr had the residual functional capacity to perform light work; he can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, crouch, crawl, and kneel; occasionally reach overhead with the left upper extremity; he should avoid concentrated exposure to vibration and hazards; he can tolerate noise at a moderate level; he can perform simple routine tasks with a reasoning level of 2; and he is capable of superficial contact with coworkers bur no contact with the public. Tr. 24. The ALJ found that although Mr. Orr cannot perform his past relevant work, there are jobs that exist in significant numbers in the national economy that he can perform and he is therefore not disabled. Tr. 34-36.

---

[2] 20 C.F.R. § 404.1520.

[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING THE COMMISSIONER - 2

## DISCUSSION

### A. Mr. Orr's testimony

Mr. Orr argues that the ALJ failed to provide clear and convincing reasons for rejecting his testimony about his symptoms and functional limitations. Dkt. 9 at 4. Because the ALJ did not find that Mr. Orr was malingering, the ALJ had to provide clear and convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

The ALJ gave several reasons for rejecting Mr. Orr's testimony. The ALJ found that Mr. Orr's statements were inconsistent with the objective medical evidence and treatment record. Tr. 26-30. Although inconsistency with the objective medical evidence cannot be the sole reason an ALJ discounts subjective complaints, it is a valid factor for the ALJ to consider in her credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Mr. Orr argues that the normal medical exams the ALJ discussed were not actually inconsistent with his claims, and that the ALJ should not have relied on mental status examinations because such examinations give limited insight to a claimant's mental functioning. Dkt. 9 at 6-7. By arguing that the ALJ should have found that the normal examination results supported his claims instead of undermined them, Mr. Orr asks the Court to adopt his interpretation of the evidence instead of the ALJ's. But if the ALJ's interpretation is rational, as it is here, the Court must uphold that instead of adopting the claimant's proposed alternative. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). And even if this Court were to adopt the limitation Mr. Orr proposes on the value of mental status examinations, the ALJ considered the normal mental status examination results as one

component of the medical record, not the sole basis of her credibility assessment. The ALJ's assessment of the medical evidence was rational, and was a valid reason to reject Mr. Orr's testimony.

The ALJ found that Mr. Orr's mental impairments, headaches, syncope, and kidney stones were adequately managed with medication. Tr. 26, 29-30. The effectiveness of medications is a factor the ALJ may consider in assessing the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3). Mr. Orr argues that substantial evidence does not support the ALJ's finding, describing his reports that his symptoms persisted despite taking medications. Dkt. 9 at 7-9. However, the ALJ noted Mr. Orr's reports that his headaches were well managed with treatment and that other medications were very helpful. Tr. 26. The ALJ was entitled to infer from these reports that medications were effective in managing his symptoms.

The ALJ found that Mr. Orr's delay and/or lack of follow up was inconsistent with disabling limitations. Tr. 26. The ALJ noted instances such as mental health treatment that Mr. Orr did not pursue, delayed follow up for kidney stones, and recommendations for a sleep study and physical therapy that were never performed. Tr. 26-29. An ALJ may find a claimant's failure to seek treatment or follow prescribed treatment to demonstrate that a claimant's allegations are inconsistent with the record. Social Security Ruling (SSR) 16-3p. But the ALJ must consider the possible reasons the claimant did not seek treatment or follow prescribed treatment, which may include asking the claimant at the hearing why he did not seek treatment consistent his complaints. *Id.* Mr. Orr asserts that it was unreasonable for the ALJ to draw an adverse inference here without obtaining more information about the possible reasons for this failure. Dkt. 9 at 10-11. Although Mr. Orr lists various reasons a claimant may not follow prescribed treatment, and even speculates that it is possible some of the treatment (such as a

sleep study) was performed but is not documented in the record, mere speculation cannot undermine the ALJ's finding. As the ALJ noted, the record contains multiple references to Mr. Orr's delay in pursuing recommended treatment, or failure to do so. This was a valid reason to reject his testimony.

The ALJ found that Mr. Orr's activities were inconsistent with his allegations. Tr. 31. The ALJ noted that Mr. Orr was a student at Pierce College, does some cooking, pays bills online, plays with his children, watches movies or television, cuts the grass with a riding lawnmower, puts the dishes away, shops in stores for groceries, plays video games, and spends an hour online reading the news or emails. *Id.* Although the ALJ may not penalize a claimant for attempting to live a normal life in the face of his limitations, contradictions between a claimant's reported activities and his asserted limitations are an issue of credibility. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Mr. Orr argues that the ALJ's finding is not supported by substantial evidence, pointing to his testimony that he received accommodations to attend college and eventually stopped because of his mental health symptoms, and asserting that his ability to do household chores, play with his children, and watch television does not detract from his credibility or contradict his testimony. Dkt. 9 at 11. Even accepting the ALJ's interpretation of Mr. Orr's activities, the ALJ did not explain how the activities she identified contradict Mr. Orr's allegations. The Court concludes that, without such an explanation, the Court cannot find this a valid reason to question Mr. Orr's credibility.

The ALJ found that Mr. Orr made statements at the hearing that were inconsistent with the evidence on file. Tr. 31. The ALJ noted that Mr. Orr reported that he had accommodations while attending school due to his mental health problems but there was no evidence of such accommodations other than one request for a note from a primary care provider, and that request

was for accommodations based on headaches, not mental health issues. *Id.* The ALJ also noted that Mr. Orr testified that the exposure therapy he underwent as part of his PTSD treatment was not helpful, but this was contrary to his reports to his treating doctor. *Id.* The ALJ noted that Mr. Orr testified that he did not smoke cigarettes, but failed to mention that he smoked cigars. *Id.* And the ALJ note that Mr. Orr reported to a provider that he experienced syncope when exerting himself and while sitting, but reported elsewhere that he never experienced it while driving and it only happened at home getting off the couch.[4] *Id.* The ALJ may consider the consistency of a claimant's statements with the objective medical evidence and other evidence in the record when evaluating the claimant's testimony. SSR 16-3p. Mr. Orr argues that this evidence is either not inconsistent with his statements or the inconsistency can be explained. Dkt. 9 at 13-15. But, again, the ALJ's findings are a rational interpretation of the evidence that this Court cannot overturn, even if Mr. Orr offers a plausible alternative interpretation. *Thomas*, 278 F.3d at 954. The ALJ did not err in considering these inconsistencies when evaluating Mr. Orr's testimony.

Although the ALJ considered one invalid reason when evaluating Mr. Orr's statements, the remainder of the reasons the ALJ gave for not giving those statements full weight were valid.

---

[4] Along with this argument, Mr. Orr asserts that the ALJ's failure to give credit to his reports of syncope led to the ALJ to exclude syncope from his medically determinable severe impairments, which led to a failure to consider whether syncope in combination with his other impairments met or equaled a listing and to omit limitations from the RFC finding that would have supported a finding of disability. Dkt. 9 at 15-16. Mr. Orr presents these arguments in contravention of this Court's scheduling order, which directs the parties to list the errors alleged on the first page of the opening brief. Dkt. 8. Moreover, this assertion is untenable. A claimant's reports of symptoms alone cannot establish the existence of a medically determinable impairment; rather, evidence from an acceptable medical source is required to establish the existence of an impairment. 20 C.F.R. §§ 404.1503, 404.1508. The medical sources in this case never identified a diagnosis for Mr. Orr's reported syncope, and the ALJ noted this fact. Tr. 21. The Court finds no error in the ALJ's assessment of Mr. Orr's reported syncope.

ORDER AFFIRMING THE COMMISSIONER - 6

Accordingly, the Court finds the error to be harmless and upholds the ALJ's credibility determination. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (the inclusion of improper reasons among other proper reasons to discount a claimant's credibility does not negate the validity of the ALJ's credibility determination).

### B. Lay witness evidence

Mr. Orr argues that the ALJ erred in rejecting the statement of his wife, Kimberly Orr. Dk. 9 at 16. Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives specific, germane reasons for doing so. *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ found that Ms. Orr's reports of her husband's headache symptoms was inconsistent with reports in the record, including Mr. Orr's statements that he obtained relief with medication. Tr. 34. Mr. Orr argues that the record shows that medications helped, but did not eliminate his headaches. Dkt. 9 at 17. But the ALJ cited to medical records to support his findings, including Mr. Orr's report in September 2015, the month after his wife's statement, that his headaches were "reasonably well treated." Tr. 1221. This was a germane reason to give less weight to Ms. Orr's statement.

The ALJ also found that Ms. Orr's reports of the extent and frequency of her husband's syncope was inconsistent with Mr. Orr's minimal reports of this symptom before he applied for Social Security benefits and the lack of follow through with medical advice about this symptom, including recommendations to exercise and obtain a sleep study, and Mr. Orr's delayed follow up with neurology. Tr. 34. Mr. Orr argues that the evidence shows that Mr. Orr consistently reported his syncopal episodes before his application for disability benefits, and that the evidence does not support a finding that exercise or treatment for sleep apnea would have resolved these

ORDER AFFIRMING THE COMMISSIONER - 7

episodes. Dkt. 9 at 17. As with Mr. Orr's own testimony, his failure to follow recommended medical treatment was a valid reason to discount Ms. Orr's statement. This was another germane reason to give her statement less weight. The ALJ Court finds no error in the ALJ's evaluation of Ms. Orr's statement.

### C. VA disability rating

Mr. Orr argues that the ALJ erred in rejecting Mr. Orr's 90% VA disability rating. Dkt. 9 at 17-18. A determination of disability by another agency, including the VA, is not binding on the Social Security Administration. 20 C.F.R. § 404.1504. Nevertheless, there is "marked similarity between these two federal disability programs." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Accordingly, the ALJ must "ordinarily give great weight" to a VA determination of disability, although the ALJ may give less weight to a VA disability rating if she gives persuasive, specific, valid reasons for doing so that are supported by the record. *Id.*

The ALJ gave Mr. Orr's VA disability rating some weight, but found that the VA rating decision demonstrated a lack of correlation between a VA rating of 90% disabled and a finding of disabled under the Social Security Act. Tr. 32. The ALJ gave a detailed description of the VA decision's methodology and findings. Tr. 32-34. The ALJ noted that, regarding Mr. Orr's traumatic brain injury (TBI) claim, the VA decision evaluated ten facets under the TBI mental disorders criteria, with ratings ranging from 0 to 3, and Mr. Orr scored 1 in four facets and 0 in the other six facets, leading to a 10% disability rating on this claim. Tr. 33. His scores of 1 were based at least in part on subjective complaints without objective evidence. *Id.* Regarding his PTSD claim, the findings warranted a 50% disabled rating, but not the higher 70% disabled rating available for a PTSD claim. *Id.* The ALJ concluded that the VA decision showed that Mr. Orr's mental impairments were not disabling for Social Security purposes, that the VA relied on

subjective complaints that had no objective basis, and that Mr. Orr's normal mental status exam findings, minimal treatment for PTSD, and the fact that he attended school since his alleged onset date were inconsistent with his VA rating for mental impairment. *Id.*

The ALJ also noted that the only condition that did not meet military retention criteria was headache syndrome with syncope, but Mr. Orr was expected to meet retention criteria within 5 years with treatment; the ALJ found that Mr. Orr's inability to do his past work in the military does not mean he cannot perform other work, and the objective evidence was inconsistent with disability for Social Security purposes. *Id.* Finally, the ALJ noted that Mr. Orr's kidney stones were given a 30% disability rating in November 2014 after previously being found non-compensable, but the ALJ found that this rating was done after an acute flare of symptoms that resolved within a short period and did not recur until months later. Tr. 34.

The ALJ gave a comprehensive discussion of the VA rating methodology and findings, explained how these related to the Social Security disability context, and assessed these findings against the objective medical evidence. These were persuasive, specific, and valid reasons to give the VA rating only some weight, instead of great weight. The ALJ did not err in assessing the VA disability rating.

## CONCLUSION

The ALJ's decision was supported by substantial evidence and free of harmful legal error. Accordingly, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 13th day of April, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge